# In the United States Court of Federal Claims

No. 21-1393
(Filed: September 22, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *   *
                                    *
CHAD ARNOLD,                        *
                                    *
                  Plaintiff,        *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
* * * * * * * * * * * * * * * * *   *
```

*Chad Arnold, pro se*, of Vista, CA.

*Russell J. Upton*, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

    *Pro se* Plaintiff, Chad Arnold,[1] filed suit in this Court requesting that the Court review actions and decisions of a California trial court and the San Diego Health and Human Services Agency. ECF No. 1 at 9 ("Compl."). The government subsequently filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 7 ("Def.'s Mot. to Dismiss"). Plaintiff's response to the government's motion included a motion to amend the complaint to add a takings claim based on the same facts as the original complaint. ECF No. 8 at 3 ("Pl.'s Resp."). For the reasons that follow, Plaintiff's motion to amend is denied and the complaint is dismissed for lack of subject matter jurisdiction.

---

[1] The Court is mindful of Chad Arnold's objection to the use of titles of personhood to describe him. *See* Pl.'s Resp. at 2. The Court has refrained from using such titles when possible. The Court is also aware of Plaintiff's objection to the characterization of this action as being brought *pro se*, as Plaintiff asserts that Chad Arnold is a registered business entity and there is a "prejudicial nature of this status." Pl.'s Resp. at 1 n.1. The Court can assure Plaintiff that *pro se* status is not prejudicial. On the contrary, *pro se* litigants are held to less exacting standards than lawyers. *See Haines v. Kerner*, 406 U.S. 519, 520 (1972). Moreover, if the Court were not to provide this lenity, it would be forced to dismiss Plaintiff's complaint without discussion because a non-lawyer cannot represent "an entity . . . before this Court." RCFC 83.1(a)(3).

## BACKGROUND

Plaintiff's son was diagnosed with leukemia, and the child's oncologists recommended chemotherapy as treatment. *See* Compl. at 8. However, Plaintiff and his wife instead wanted to use "natural healing methods." *Id.* at 9. Because of this, the San Diego County Health and Human Services Agency brought charges of child neglect against Plaintiff and his wife in the Superior Court of the State of California for the County of San Diego. *Id.* at 8. The Superior Court determined that the child's home environment was an endangerment to him. *Id.* at Ex. 5. Therefore, the court ordered that the child be removed from his parents' physical custody and that the hospital administer appropriate treatment. *Id.* at Ex. 5, 6.

Plaintiff alleges that he is not bound by the California court's decisions, including its decisions regarding the administration of chemotherapy and its determination of custody and spousal support. *Id.* at 1. Prior to commencing this action, Plaintiff sent a letter to the United States Department of Health and Human Services, regarding his grievances with the California court decisions, requesting that "all services to my person and my son's person be canceled immediately," and articulating his intent to file a claim if he did not receive a response. *Id.* at Ex. 19. The government now moves to dismiss Plaintiff's claim for lack of jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). In response, Plaintiff requests the Court's leave to amend the complaint to add a takings claim. Pl.'s Resp. at 3.

## DISCUSSION

### A. Legal Standard

In reviewing a motion brought pursuant to RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court determines that it lacks jurisdiction based on these facts, it must dismiss the action. RCFC 12(b)(1), (h)(3). Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Rather, to state a claim within this Court's jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.*

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 406 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

B.  Analysis

Even under the most liberal construction of Plaintiff's complaint, it is clear that the Court lacks jurisdiction over his claims.  First, Plaintiff's complaint principally seeks to overturn decisions of a state trial court.  *See* Compl. at 1.  It is well established that this Court does not have jurisdiction to review state court decisions, including those decided unfavorably against a plaintiff.  *See, e.g.*, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[Lower federal courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

In addition, the Court is without jurisdiction to decide claims on any of the other grounds Plaintiff has alleged.  For example, Plaintiff alleges that he is entitled to relief in this Court under the International Covenant on Civil and Political Rights.  *See* Compl. at 11, 15.  However, unless and until Congress provides otherwise, "the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."  28 U.S.C. § 1502.

Plaintiff also attempts to invoke this Court's jurisdiction pursuant to Title IV of the Social Security Act.  *See* Compl. at 11.  The Federal Circuit has repeatedly held that this Court lacks jurisdiction over claims pertaining to the Social Security Act or Social Security benefits.  *See, e.g.*, *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (holding "that the Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits . . . ."); *Bush v. United States*, 627 F. App'x 928, 929 (Fed. Cir. 2016) ("We have held that the CFC does not have jurisdiction to hear claims for: Social Security benefits . . . .").  Plaintiff also cites Article VI of the Constitution as a basis for his claims.  *See* Compl. at 11.  The Court lacks jurisdiction over these claims as well.  *Hanford v. United States*, 63 Fed. Cl. 111 (Fed. Cl. 2004) (dismissing claims under Article VI of the Constitution and the Supremacy Clause for lack of jurisdiction), *aff'd*, 154 F. App'x 216 (Fed. Cir. 2005).

Finally, Plaintiff alleges that he is a party to implied contracts with the federal government.  *See* Compl. at 14, 18, 22.  The Supreme Court has held that this Court's jurisdiction "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."  *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (citing *Sutton v. United States*, 256 U.S. 575, 581 (1921)).  An implied-in-fact contract requires a showing of: 1) "mutuality of intent to contract," 2) "consideration," 3) "lack of ambiguity in offer and acceptance," and 4) that "the Government representative 'whose conduct is relied upon [had] actual authority to bind the government in contract.'"  *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)).  The government is correct in noting that Plaintiff vehemently denies an essential element of the alleged implied contracts: mutuality of intent to contract.  *See Hercules Inc.*, 516 U.S. at 424; Compl. at 14; Def.'s Mot. to Dismiss at 6.  Thus, any implied contract would, at best, have to be implied-in-law and, therefore, outside the scope of the Court's jurisdiction.

Regarding Plaintiff's motion to amend the complaint, Pl.'s Resp. at 3, the Court finds it unnecessary to allow such an amendment.[2] Plaintiff's alleged takings claims, like most of his other claims, are against the state of California and not the federal government. *See* Compl. at Ex. 19. This Court does not have jurisdiction over claims against state governments. 28 U.S.C. § 1491 (granting the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States . . . ."). As a result, allowing Plaintiff to file an amended complaint would be futile, as the alleged takings claim would not survive a motion to dismiss. *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014) (explaining that a motion to amend is futile when it would not survive a motion to dismiss). Therefore, the Court denies Plaintiff's motion to amend.

In sum, the Court is without jurisdiction over Plaintiff's claims and, therefore, must dismiss the complaint.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to amend the complaint is **DENIED**, the government's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge

---

[2] Because Plaintiff missed the window to amend the complaint unilaterally, RCFC 15(a)(1), he must seek the government's consent or the Court's leave to amend. RCFC(a)(2). The government did not consent to Plaintiff's request. *See* ECF No. 10.